**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY WAYNE STEWART,

    Petitioner - Appellant,

v.

STEVE HARGETT,

    Respondent - Appellee.

No. 99-5104

(D.C. No. 97-CV-431-E)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Anthony Wayne Stewart, proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. He was convicted of first degree murder and sentenced to life imprisonment in Tulsa

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

County District Court. His conviction and sentence were affirmed on direct appeal to the Oklahoma Court of Criminal Appeals. In his habeas corpus petition, the sole issue he has raised is a claim of insufficient evidence to support the verdict. He focuses primarily on the element of intent. The district court reviewed Petitioner's claim, applying the considerations set out in Jackson v. Virginia, 443 U.S. 307, 318-19 (1979), the seminal case for federal review of state prisoners' insufficient evidence claims. The court dismissed the petition, holding that under 28 U.S.C. § 2254(d) Petitioner failed to show that the Oklahoma Court of Criminal Appeals' decision was an unreasonable application of Jackson or that the decision was based on an unreasonable determination of the facts in light of the evidence presented to the state court. After reviewing the evidence, including allegedly contradictory testimony, the district court found that "there was sufficient evidence from which a reasonable jury could have inferred that Petitioner committed the murder with the intent necessary to establish first degree murder." R., Vol. I, Doc. 16 at 7. It therefore denied the § 2254 petition and also declined to grant a certificate of appealability.

Petitioner has filed an application for a certificate of appealability with this court. On appeal, Petitioner repeats the arguments he made to the district court. He claims that "no rational trier of fact could have found that [he] harbored a specific intent to kill." Appellant's Br. at 6. He argues that the testimony at trial

-2-

does not support an intent to take a life, and that, because he was extremely drunk when the altercation occurred, he did not have the capacity to form an intent to take a life. See id. at 7-8.

To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing Petitioner's brief and the record de novo, we conclude that Petitioner has failed to make that showing for the reasons set out in the district court's Order filed April 21, 1999. We therefore deny him a certificate of appealability and dismiss the appeal.

DENIED and DISMISSED.

Entered for the Court


Monroe G. McKay
Circuit Judge